*551 OPINION.
TRUssell :
The picture of the petitioner presented by the record in this proceeding is one of a business of purely personal service of professional character furnished to clients, this business built around and absolutely dependent upon the knowledge, training, experience and reputation of one individual whose name the corporation bears.
Section 200 of the Revenue Act of 1918 defines a personal service corporation as:
* * * A corporation whose income is to be ascribed primarily to the activities of the principal owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation and in which capital (whether invested or borrowed) is not a material income-producing factor; ⅜ * *.
That Ernest J. Goulston owned all of petitioner’s stock and was regularly engaged in the active conduct of its affairs is shown by the record without contradiction. Upon the question as to whether petitioner’s income must be ascribed primarily to his activities, it is shown that Goulston was in entire charge of the business and directed and supervised the work of its four other employees. Three of theso employees performed what it is evident were merely clerical duties. The fourth acted as a paid assistant to Goulston, performing work in production and solicitation similar to that done by the latter but all under his direction. The evidence convinces us that the business *552 received by petitioner was business given by clients because of Goul-ston’s knowledge, experience and judgment; that these clients were employing Goulston’s services; and that the income received was consequently primarily due to the latter’s activities and personal supervision of all the work. '
In respect to the question as to whether capital was a material factor in the producing of petitioner’s income, the record shows that the entire capital invested on organization was $3,000 and that the use of this in the production of income was limited to office furniture and petty cash. It is shown that petitioner’s clients were large business concerns who paid their bills promptly and that petitioner in furnishing service arranged for the payment by clients of their accounts at a period prior to its having to meet expenses incurred on account of such service and in this way it secured the funds necessary to be used. The amount of capital is trifling in comparison with the total income produced, which for the calendar years 1919 and 1920, including amounts paid Goulston as salary, was reported by petitioner in its returns as $28,000 and $36,000 respectively. In view of this evidence we can but conclude that the income of petitioner was produced 'by the personal service rendered and the use of capital was an incidental and minor factor. See H. S. Jaudon Engineering Co., 15 B. T. A. 161; Crosby-Chicago, 14 B. T. A. 19; H. K. McCann Co., 14 B. T. A. 234; Sweeney & James Co., 10 B. T. A. 966; Fuller & Smith v. Routzahn, 23 Fed. (2d) 959.
. By the exemption from taxation of corporations as such when the conditions enumerated in section 200 of the Revenue Act of 1918 exist, the intent of Congress is clearly evident to treat a revenue-producing organization upon its substance rather than its form and to consider as a partnership for income-tax purposes a corporation whose character as such is evidenced solely by its activities being carried on under a corporate charter and where the activities themselves and the production of income through those owning the business, as distinguished from the mere use of capital, show it to be an association of individuals obtaining a return for the furnishing of their personal service, and such as could be and generally is carried on under a partnership contract. In the present case it is noted that the business of petitioner had been carried on prior to August, 1918, as a personal business of Goulston, its profits being his personal income and taxable as such, and that the incorporation of it effected no change whatsoever in the manner in which it was conducted, the interest of Goulston in the profits or the extent of his participation in its activities and the production of its income thereby. The business continued under the same name with merely a formal organization of corporate character, acquired solely for the purpose of avoiding a bankruptcy proceeding and to satisfy his personal credi *553 tors that the profits, after they were earned, would be applied in payment of his personal debts.
We hold that petitioner is entitled to classification as a personal service corporation for the taxable years in question.

Judgment will be entered for the 'petitioner.